IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Amanda McDowell, ) | |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT |
| vs. ) | |
| ) | 18av99999 |
| Country Fresh Carolina, L.L.C, f/k/a ) | |
| Country Fresh, Inc., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |
| _____ ) | |

COMES NOW THE PLAINTIFF, by and through her undersigned attorney, and respectfully alleges unto this Honorable Court as follows:

NATURE OF THE ACTION

1. This claim is brought by Plaintiff because of sexual harassment and discrimination committed against Plaintiff by Defendant. Defendant R. L. Enterprise is a staffing agency that placed Plaintiff, along with many other individuals, with Country Fresh Carolina, L.L.C. The events suffered by the Plaintiff occurred while she was working at Country Fresh's place of business located at 725 Friendship Church Road, Gray Court, S.C., and stems from actions by Country Fresh regular employees and employees provided to Country Fresh by R. L. Enterprise.

2. Defendant's unlawful actions, policies and practices led to the their agents and/or employees sexually harassing Plaintiff, discriminating against Plaintiff and creating a hostile work environment for Plaintiff, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et.seq. Plaintiff is a female who is the member of a protected class. Defendant qualify as employers under the above-referenced statute.

## JURISDICTION AND VENUE

3. Plaintiff is a citizen and resident of Greenwood County, South Carolina.

4. Defendant Country Fresh Carolina, L.L.C., is a foreign, for profit, limited liability company which is incorporated under Delaware law but maintains its principal, corporate office in Montgomery County, Texas, and which maintains an office in Laurens County, South Carolina, where its agents and/or employees committed tortious acts and statutory violations against Plaintiff occurred. This Laurens County office is also the same location where Defendant R. L. Enterprise sent Plaintiff and other employees to work for Defendant Country Fresh.

5. Venue is proper in this Court as the events giving rise to this cause of action occurred in Laurens County, South Carolina.

6. Jurisdiction is proper over these claims as there is a question of federal law, pursuant to 28 USC 1331.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND NOTICE OF RIGHT TO SUE

7. Plaintiff, on more than one occasion, timely lodged complaints with Defendant's agents and/or employees in a supervisory position and put them on notice of the repeated acts of harassment, discrimination and hostile work environment.

8. In May of 2017, after being essentially ignored by Defendant's supervisors and while suffering continued sexual harassment, Plaintiff was constructively discharged.

9. On July 21, 2017, Plaintiff filed a charge of sexual discrimination with the EEOC, Charge No. 436-2017-00921, in which the EEOC identified Defendant Country Fresh. Plaintiff also has a pending charge of sexual discrimination against R. L. Enterprise

with the EEOC, Charge No. 436-2018-00221. As to Charge No. 436-2017-00921, Plaintiff received a Right to Sue Letter dated January 12, 2018. This lawsuit commenced within 90 days of the receipt of the Right to Sue Letter.

10. All allegations in those Charges are incorporated herein by reference.

## PARTIES

11. Defendant maintains its headquarters in Texas, has at least 4 processing facilities in Florida, South Carolina and Texas and provides jobs for hundreds, if not thousands, of people in multiple states. Defendant Country Fresh is subject to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq and South Carolina laws.

12. Individually, Defendant has over 15 employees which is over the jurisdictional limit for employees required by the applicable and relevant federal statutes.

13. At all relevant times both Defendant has continually done business in Laurens County, S.C.

## STATEMENT OF FACTS

14. All previous allegations are incorporated to the extent they are consistent.

15. Plaintiff went to R. L. Enterprise for employment placement services. R. L. Enterprise assigned Plaintiff to Defendant's Laurens County plant as a temporary worker from February of 2017 through May of 2017, until she was constructively discharged.

16. Plaintiff was earning $7.25 per hour.

17. During the relevant time period, Plaintiff worked on an assembly line. For almost 4 months, she was repeatedly subjected to sexual harassment and a hostile work environment. Because Plaintiff constantly experienced abusive language, unwanted physical touching and other inappropriate actions from undocumented and documented coworkers,

as well as her supervisors, she is unable to recite every relevant event in great detail. Many times, undocumented workers said things in another language and laughed. Instances of sexual harassment occurred in front of supervisors who did nothing. Plaintiff does remember the following events:

    a.    March of 2017. Fellow employees asked Plaintiff if she "needed a sugar daddy" and promised to "provide a car if you sleep with me" and promised to "give you my check if you sleep with me." One of the fellow employees was a supervisor who also gave Plaintiff paper hearts with "I love you" on them. Supervisors present and heard these comments and did not do or say anything. No corrective action taken after complaints.

    b.    March of 2017. A big employee came up behind Plaintiff as she was bending over to pick up an object and grabbed her on her bottom, squeezed and said, "Hey lil booty." Afterwards, he continued to call Plaintiff "Lil booty." Supervisors were present, witnessed this comment and did nothing. No corrective action taken.

    c.    March of 2017. The same big employee came to work and appeared intoxicated. His eyes were blood shot, he smelled of alcohol, he slurred his words and was unsteady on his feet. He was in the changing room with Plaintiff and raked one of his hands across my chest, grabbing/stroking my breasts from left to right. I reported this incident to Bruce who was now a supervisor. No corrective action taken.

    d.    April of 2017. Bruce, who was now a supervisor, asked Plaintiff for sex and offered to pay her on more than one occasion from late March through April. He repeatedly stated, "Just let me eat it" and "Name a price." I tried to report to his supervisors but I found them sleeping in an office. The manager, Travis, was not at work. No corrective action taken.

    e.    April of 2017. Fellow employee, Terry, apparently looked Plaintiff up on Facebook, tried to "Friend" Plaintiff. Plaintiff rejected him. At work, he told Plaintiff that, "You and I had a good time last night" as indicated that he masturbated over Plaintiff's picture. Thereafter, he repeatedly called Plaintiff "Baby girl" and "Princess." Plaintiff was unable to report this to Bruce, her supervisory, because he was also trying to get Plaintiff to have sex. Plaintiff tried to report these events to Travis, but he would show up at the beginning of the shift and leave in 10 minutes.

    f.    May of 2017. On Plaintiff's last day of work, a new employee kept asking Plaintiff if she had a car and promised to get her a car and insurance

       if she would have sex with him. He kept grabbing her and told her to "think about it." Plaintiff reported this to Travis who eventually called the man over, spoke with him, told him this would be a "nick" in his file and sent both of them back to the same area to work. Plaintiff asked Travis to move her to another area. Travis moved Plaintiff to another area but this new employee kept staring at me during work and during my break. Plaintiff could not take it anymore, so she went home at the break and never came back.

18. Plaintiff tried to ignore the conduct, but it was continuous.

19. Plaintiff complained to her supervisors and the manager, but no meaningful corrective action was ever taken.

20. Plaintiff endured this discriminatory treatment in order to keep her job. When she began to experience mental and emotional suffering until she could not take it anymore, she had to leave her job.

21. Plaintiff feared her remedies were limited as a temporary worker.

22. Plaintiff experienced extreme emotional trauma, depression and distress as result of the sexual harassment and hostile environment.

### FOR A CAUSE OF ACTION
(Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.)

23. All previous allegations are incorporated to the extent they are consistent herewith.

24. Actions by Defendant's employees set forth above constitute objectionable and sexual harassing behavior in violation of Title VII.

25. The work atmosphere described above constitute a hostile environment under Title VII as a reasonable person would find the circumstances to be intolerable.

26. Defendant was either Plaintiff's employer or joint employer.

27. Defendant exercised significant control over Plaintiff such they qualify as

employers for the purpose of Title VII.

28. Plaintiff notified Defendant of sexual harassment and hostile environment as required by Defendant's policies.

29. Plaintiff properly notified Defendant of the conduct in an attempt to halt the offensive behavior, but the behavior continued.

30. Plaintiff timely filed charges of discrimination against the Defendant with the EEOC and alleged she had been discriminated against and repeatedly harassed while engaging in protected activity under federal and state law, all actions being against employer policy. Plaintiff alleged sexual discrimination and harassment and the existence of a hostile, offensive and intimidating work environment, as well as discriminatory terms and conditions of employment.

31. Defendant's conduct as alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. as Defendants have, among other things, permitted Plaintiff to be sexually harassed, subjected to unwanted advances, discriminated against based on sex, and subjected to a sexually hostile work environment.

32. Defendant's acts and omissions, through its agents and/or employees, constitute discrimination against the Plaintiff with respect to the terms, conditions and/or privileges of employment because of her sex in violation of 42 U.S.C. §§2000e, et seq.

33. Plaintiff engaged in protected activity by "opposing" practices forbidden by Title VII, and specifically voiced her "opposition" to inappropriate sexual advances, menacing and intimidating actions, all of which are unlawful under Title VII.

34. Although Defendant has articulated and published sexual discrimination policies, Defendant repeatedly failed to follow and/or enforce their respective policies, to

investigate properly Plaintiff's allegations, and to take meaningful and effective action to ensure the harassment did not continue.

35. Although Defendant may have presented and published sexual discrimination policies, Defendants failed to follow their respective policies.

36. Defendant's actions are in violation of 42 U.S.C. §§2000e, et seq.

37. As a result of Defendant's acts and omissions, Plaintiff has suffered mental and emotional distress, has lost income and benefits, has incurred costs and attorneys fees and has suffered other harm, entitling her to actual and punitive damages.

38. Wherefore, Plaintiff seeks an order for the following:

    a. For all actual and consequential damages;
    b. For loss of income;
    c. For actual and consequential damages;
    d. For punitive damages;
    e. For attorneys fees and costs of bringing this action; and
    f. For any further relief as may be just and proper.

Respectfully submitted,

McCRAVY NEWLON & STURKIE
LAW FIRM, P.A.

BY:   s/Jon E. Newlon
      Jon E. Newlon
      Fed. ID #7332

Attorney for the Plaintiffs
1629 ByPass 72 NE
Greenwood, S.C.  29649
864/388-9100, 9104 (FAX)
jnewlon@mccravylaw.com

Greenwood, South Carolina
April 9, 2018

CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

                                McCRAVY NEWLON & STURKIE
                                LAW FIRM, P.A.

                            BY:   s/Jon E. Newlon
                                 Jon E. Newlon
                                 Fed. ID #7332

                                Attorney for the Plaintiffs
                                1629 ByPass 72 NE
                                Greenwood, S.C.  29649
                                864/388-9100, 9104 (FAX)
                                jnewlon@mccravylaw.com

Greenwood, South Carolina
April 9, 2018